IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-199-SMY |
| | ) |
| MEDICAL DIRECTOR SIDDIQUI, | ) |
| HOLLY HAWKINS, | ) |
| WEXFORD HEALTH CARE | ) |
| SERVICES, | ) |
| DR. SHAH, | ) |
| JOHN DOE #1, | ) |
| M. ZIMMER, | ) |
| NURSE AARON, | ) |
| NURSE JANE DOE #1, | ) |
| NURSE JANE DOE #2, | ) |
| NURSE JANE DOE #3, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brian Buchanan, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was incarcerated at Menard Correctional Center ("Menard"), Defendants were deliberately indifferent in failing to renew his prescription for pain medication, in violation of the Eighth Amendment. He seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is

1

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): On October 19, 2017, Plaintiff was prescribed the pain medication Ultram and the nerve medication Gabapentin after having back surgery. (Doc. 1, p. 7). He ran out of the prescriptions in November 2017 and did not receive any more medications, even though the prescriptions were to be renewed. (*Id*.). Although Plaintiff put in several sick call requests to see Dr. Siddiqui, he was not seen until December 12, 2017. At that time, Dr. Siddiqui said he did not have Plaintiff's medical file in front of him and he would review the file when he returned to the healthcare unit. The prescription did not get renewed at that time.

Plaintiff saw Nurse Practitioner M. Zimmer on December 21, 2017 but she also informed him that she would have to review his medical file when she returned to the healthcare unit. She assured him that she would renew his prescriptions. (*Id*.). Although she had Dr. Shah review the medical file, Dr. Shah only renewed the nerve medication Gabapentin and failed to renew the prescription for Ultram. Plaintiff again wrote sick call requests to Dr. Siddiqui but his prescription for Ultram was not renewed until January 8, 2018. (*Id*.). Plaintiff continued to suffer pain while he went without the Ultram. (*Id*.).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following single count:

>**Count 1:** **Dr. Siddiqui, Nurse Practitioner M. Zimmer, and Dr. Shah were deliberately indifferent under the Eighth Amendment in delaying the renewal of Plaintiff's prescription for pain medication.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Preliminary Dismissals

Although Plaintiff identifies Holly Hawkins, John Doe #1, Nurse Aaron, Nurse Jane Doe #'s 1-3, and Wexford Health Care Services in the caption of his Complaint (Doc. 1), he fails to include any allegations against these defendants in the statement of his claim, which only alleges that he saw Dr. Siddiqui, Dr. Shah, and Nurse Practitioner M. Zimmer in seeking to renew his prescription for Ultram. As the Complaint fails to assert any alleged constitutional violations by Holly Hawkins, John Doe #1, Nurse Aaron, Nurse Jane Doe #'s 1-3, and Wexford Health Care Services, they will be **DISMISSED without prejudice** from this action for failure to state a claim.

### Discussion

Plaintiff states a viable claim against Dr. Siddiqui and Dr. Shah for delaying the renewal of his prescription for pain medication. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (finding deliberate indifference where medical defendants persisted in a course of conservative treatment for eighteen months despite no improvement); *Kelley v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990)

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

(deliberate indifference when doctor continues with treatment knowing it to be ineffective). Count 1 will therefore proceed against Dr. Siddiqui and Dr. Shah.

Plaintiff does not allege that Nurse Practitioner M. Zimmer knowingly or recklessly disregarded his serious medical needs. In fact, he alleges she told him that she would talk to the doctor about reviewing his records and renewing his medication and that she followed through and had Dr. Shah review Plaintiff's medical file. (Doc. 1, p. 7). As the Complaint fails to allege that M. Zimmer was in any way deliberately indifferent to Plaintiff's medical needs, Count 1 will be **DISMISSED without prejudice** as to this defendant.

**Pending Motions**

In his Motions for Counsel (Docs. 6 and 7), Plaintiff indicates that he has sent letters to several attorneys but has received only one response declining to take his case. Plaintiff claims that he will need help with this case as he is severely mentally ill. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Therefore, Plaintiff's Motions for Counsel (Docs. 6 and 7) are **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

**IT IS HEREBY ORDERED** that Count 1 shall proceed against Dr. Siddiqui and Dr. Shah but is **DISMISSED without prejudice** as to M. Zimmer. The Clerk is **DIRECTED** to terminate M. Zimmer in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**IT IS FURTHER ORDERED** that Holly Hawkins, John Doe #1, Nurse Aaron, Nurse Jane Doe #'s 1-3, and Wexford Health Care Services are **DISMISSED without prejudice** for failure to state a claim. The Clerk is **DIRECTED** to terminate these individuals from CM/ECF.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Dr. Siddiqui and Dr. Shah: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/22/2019**

*/s/ Staci M. Yandle*
**United States District Judge**